IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:25-cv-7164 |
| v. | ) ) ) | C O M P L A I N T JURY TRIAL DEMAND |
| OMNI HOTELS MANAGEMENT CORPORATION, Defendant. | ) ) ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Donovan Lewis. Omni Hotels Management Corporation ("Omni Hotels" or "Defendant") discriminated against Lewis by refusing to accommodate his religious observance of the Sabbath and then retaliating against him by substantially reducing his hours.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3.　　Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.　At all relevant times, Defendant, Omni Hotels Management Corporation, a Delaware corporation, has continuously been doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5.　　At all relevant times, Defendant Omni Hotels has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.　　More than thirty days prior to the institution of this lawsuit, Donovan Lewis filed a charge with the Commission alleging violations of Title VII by Defendant.

7.　　On July 3, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.　　The Commission engaged in communications with Defendant to provide Omni Hotels the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.　　The Commission was unable to secure from Omni Hotels a conciliation agreement acceptable to the Commission.

10.     On August 8, 2024, the Commission issued to Defendant Omni Hotels a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

12.     Since at least on or about June 2022, Defendant has engaged in unlawful employment practices at its Omni Hotel located at 676 North Michigan Avenue in Chicago, Illinois, ("downtown Chicago"), in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a)(1).

(a)     On or about April 2022, Lewis began working as a full-time bellperson for the Omni Hotel Management Corporation at its hotel located at 676 North Michigan Avenue in Chicago, Illinois.

(b)     On or about June 2022, Lewis requested a religious accommodation to refrain from working on Sundays to observe the Sabbath.

(c)     Defendant initially granted Lewis' religious accommodation, allowing another employee to cover Sunday shifts. But on or about August 2022, Lewis was informed that Defendant could no longer continue to grant his religious accommodation to observe the Sabbath.

(d)     After Defendant informed Lewis it would no longer grant his religious accommodation. Defendant gave Lewis the option to either switch to the night shift or be demoted to a part-time employee.

(e)     Lewis declined switching to the night shift because it would have decreased his pay and seniority and conflicted with other obligations.

(f)     On or about August 2022, Lewis was demoted to part-time because it was the only way offered by his employer that he could refrain from working on Sundays.

13.     Since at least on or about August 2022, Defendant has engaged in unlawful employment practices at its downtown Chicago location in violation of Section 704(a) of Title VII, 42 U.S.C. 2000(e)-3(a):

(a)     As described in Paragraph 12, Lewis requested a religious accommodation to observe the Sabbath by refraining from working on Sunday.

(b)     On or about August 2022, Defendant told Lewis that it would no longer allow him to refrain from working on Sundays and remain a full-time bellperson in the day shift.

(c)     Defendant informed Lewis that if he wanted to continue to have Sundays off from work, his options were to switch to the full-time night shift or switch to part-time work.

(d)     Because he was not available for night shifts, Lewis switched to part-time work.

(e)     Subsequently, in retaliation for his having requested an accommodation, Defendant dramatically cut Lewis's hours and removed his employee benefits such as health insurance.

(f)     Since August 2022, in retaliation for his having requested an accommodation and/or for having filed a Charge of Discrimination with EEOC, Omni Hotels has failed to schedule Lewis for weeks at a time, in some instances, keeping him off the schedule for over a month.

14.     The effect of the practices complained of in paragraph 12 and 13 above has been to deprive Lewis of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

15.     The unlawful employment practices complained of in paragraphs 12 and 13 above were and are intentional.

16.     The unlawful employment practices complained of in paragraphs 12 and 13 above were and are done with malice or with reckless indifference to the federally protected rights of Lewis.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying religious accommodation requests unless accommodation imposes undue burden and from retaliating against employees who request religious accommodations.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who request religious accommodations, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Lewis whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.     Order Defendant to make Lewis whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 12 and 13 above, including job search expenses and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

      E.     Order Defendant to make Lewis whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 12 and 13 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant to pay Lewis punitive damages for its malicious and reckless conduct, as described in paragraphs 12 and 13 above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                      Andrew Rogers
Acting General Counsel

Gwendolyn Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street NE
Washington, DC 20507

Gregory Gochanour
Regional Attorney

Ethan Cohen
Assistant Regional Attorney

*s/Armando Fernandez*
Armando Fernandez IL Bar 6335857
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
230 S. Dearborn Street, Suite 2900
Chicago, IL 60604
(312) 872-9656
Armando.Fernandez@eeoc.gov

*s/Carrie Vance*

Carrie Vance WI Bar 1056606
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee Area Office
310 W Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3686
Carrie.Vance@eeoc.gov